IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:09CR3086 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| PEORIA DASHANE BRYE, | ) | |
| | ) | |
| Defendant. | ) | |

    The defendant has filed a motion for bill of particulars, (filing no. 18), and a motion to dismiss, (filing no. 19). As to both motions, the defendant argues the indictment fails to allege with any particularity the facts constituting the offense charged, and therefore the indictment is either facially invalid and must be dismissed, or the defendant must receive a bill of particulars in order to defend against the charges. The defendant's motions will be denied.

ANALYSIS

Motion to Dismiss
(filing no. 19)

    The grand jury indictment charges:

    From an unknown date but at least as early as October 1, 2006, up to and including October 31, 2008, in the District of Nebraska, PEORIA DASHANE BRYE, a/k/a "P", defendant herein, did knowingly and intentionally combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of cocaine base (i.e. "crack cocaine"), and a mixture or substance containing a detectable amount of cocaine, its salts, optical and geometric isomers, and salts of its isomers,

Schedule II controlled substances, in violation of Title 21 United States Code, Sections 841(a)(l), 841(b)(l) and 841 (b)(1)(A)(iii).

Filing No. 1. "Brye contends that, because the Indictment fails to provide more information as to time and place, acts in furtherance of the criminal agreement, or the identity of 'known' conspirators, the pleading is unconstitutionally vague, violating the Fifth Amendment by failing to ensure Defendant is put to trial only for the alleged conspiracy found by the Grand Jury." Filing No. 20, at CM/ECF p. 2.

An indictment is sufficient if it includes the elements of the offense, provides adequate notice as to the charge, and enables the defendant to plead double jeopardy as a bar to further prosecution. Hamling v. United States, 418 U.S. 87 (1974); U.S. v. Buchanan, 574 F.3d 554, 565 (8th Cir. 2009). To prove that a defendant conspired to distribute controlled substances, the government must demonstrate the existence of a conspiracy (or agreement) to distribute controlled substances, that the defendant knew of the conspiracy, and that he intentionally joined the conspiracy. Hernandez, 299 F.3d at 988. See also, United States v. Standefer, 948 F.2d 426, 430 n.3 (8th Cir. 1991); United States v. White, 241 F.3d 1015, 1022 (8th Cir. 2001).

The indictment against Brye alleges the elements of a drug conspiracy charge. Specifically, the grand jury alleges the defendant conspired with others to possess and distribute cocaine, and she did so both knowingly and intentionally. Although the indictment does not include the names of the alleged co-conspirators, these names are not required in the indictment or even at trial. While at least two persons are required to constitute a conspiracy, a person can be convicted of conspiring with persons whose names are unknown. Rogers v. United States, 340 U.S. 367, 375 (1951).

The defendant claims the indictment is so vague that it violates the Fifth Amendment by failing to ensure the defendant is tried only for the alleged conspiracy found by the grand jury. He claims "the vagueness of the indictment makes it

impossible for the Court to prohibit . . . constructive amendment because it does not describe with any particularity the conspiracy found by the Grand Jury." Filing No. 20, at CM/ECF p. 2. The defendant argues the drug conspiracy proved at trial must be the same conspiracy forming the basis of the grand jury's probable cause finding, and if it is not, a constructive amendment has occurred in violation of the Fifth Amendment.

A constructive amendment occurs when the prosecution or the court alters the charging terms from those found by the grand jury and included in the indictment. The grand jury indictment defines the charge, and a constructive amendment to the indictment, whether arising from faulty jury instructions or from the introduction of evidence beyond the offenses charged in the indictment, violates the Fifth Amendment. U.S. v. Johnston, 353 F.3d 617, 623 (8th Cir. 2003). If the evidence presented at trial creates a substantial likelihood that the defendant was convicted of an uncharged offense, a constructive amendment has occurred. However, if the government presents different evidence to the grand jury than at trial, but the offense charged remains the same, a variance has occurred. Buchanan, 574 F.3d at 565. A variance is not grounds for dismissal of an indictment, and is grounds for a reversal on appeal only if the defendant has been prejudiced by the change in evidence. Id.

The indictment against the defendant includes the elements of the offense charged, provides adequate notice of the issues to be litigated, and enables the defendant to plead double jeopardy as a bar to further prosecution. See e.g. Buchanan, 574 F.3d at 566 ("A reasonable construction of the Indictment indicates that it charged the offense of attempt to manufacture a controlled substance, and the words "did knowingly and intentionally attempt to manufacture" clearly set forth the elements of the intended charge of attempt. . . .[T]he indictment fairly informed [defendant] of the charges against him and allows him to plead double jeopardy as a bar to a future prosecution for attempt to manufacture methamphetamine."); White, 241 F.3d at 1021 (holding indictment sufficient where it alleged: "Beginning at

unknown time, but not later than March, 1996, and continuing through October, 1996 at Rapid City, in the District of South Dakota, and elsewhere, the defendants . . . did combine, conspire, confederate, and agree with one another and with others known and unknown to the Grand Jury, to possess, with the intent to distribute, methamphetamine, a schedule II controlled substance, all in violation of 21 U.S.C. §§ 846 and 841(a)(1)"). Offering evidence at trial that was never presented to the grand jury does not alter the drug conspiracy charges set forth in the indictment, or present an issue of constructive amendment of the indictment in violation of the Fifth Amendment. There is no basis for concluding the indictment is facially invalid. Pretrial dismissal of the indictment is not warranted.

Motion for Bill of Particulars<br>(filing no. 18)

The defendant has moved for a bill of particulars.

> If a defendant believes that an indictment does not provide enough information to prepare a defense, then he or she may move for a bill of particulars. See Fed.R.Crim.P. 7(f). The purpose of a bill of particulars is to inform the defendant of the nature of a charge with "sufficient precision to enable him to prepare for trial" and "to avoid or minimize the danger of surprise at trial."

U.S. v. Livingstone, 2009 WL 2502014, 1 (8th Cir. Aug. 18, 2009).

The government opposes the defendant's motion for bill of particulars on both procedural and substantive grounds. Specifically, the government claims: 1) the defendant failed to comply with the "meet and confer" requirement set forth in the court's progression order before filing the motion for bill of particulars; and 2) the government has already provided extensive Rule 16, Brady and "Jencks Act" materials, and is not required to also provide a statement detailing the "dates, times, places, persons present, and actions taken by each," (filing no. 18, ¶ 3), that it intends to present at trial.

Pursuant to the court's progression order, "[t]he filing, briefing, and hearing of pretrial motions, including ex parte motions and applications, shall be governed by NECrimR 12.1 - 12.5." See filing no. 11, ¶ 3. Nebraska Criminal Rule 12.3(b)(3) states:

> In the case of a motion seeking discovery or disclosure of evidence, the motion must include a statement verifying that counsel for the moving party has conferred with opposing counsel in person or by telephone in a good-faith effort to resolve by agreement the issues raised by the motion and that the parties have been unable to reach such an agreement.

NECrimR 12.3(b)(3). The court's progression order further emphasizes the meet and confer requirement, and its application to a motion for bill of exceptions, by stating:

> In the event that any motions are filed seeking bills of particulars, . . . as part of the motion the moving party shall recite that counsel for the movant has spoken with opposing counsel regarding the subject of the motion in an attempt to reach agreement without the involvement of the court and that such attempts have been unsuccessful. The motion shall further state the dates and times of any such conferences.

See filing no. 11, ¶ 3(b).

The purpose of NECrimR 12.3(b)(3) and the above-quoted language of the court's progression order is to require the parties to attempt to resolve disputes over the disclosure of information among themselves before seeking court assistance. Counsel and the parties are much more informed than the court concerning the disputed issues and the discovery exchanged, and are therefore better equipped to engage in informed discussions and potentially resolve disputes over pretrial disclosures of information. Although court intervention is sometimes necessary, the laboring oar for resolving discovery disputes should, and under this court's rules and

progression order, does rest in the first instance with the parties. Requiring the parties to engage in good faith discussions before filing discovery motions allows for faster case progression and a more efficient use of judicial and attorney resources.

The defendant's motion does not state the parties attempted to resolve the bill of particulars dispute before the defendant filed a motion, and the government's brief states no such communications occurred. Failing to comply with the meet and confer obligation is a sufficient basis, in and of itself, to deny the defendant's motion.

The government's brief further states the information it has disclosed to the defendant provides a sufficient basis to prepare a defense. The government states:

> The documents already provided to defense counsel set out the individuals with whom Brye conspired to distribute crack cocaine. It includes the time frame of these associations, the amounts of drugs involved, locations of sales, parties involved, information provided by cooperating witnesses regarding the conspiracy and the defendant's involvement and other general information the government believes will be presented at trial. These materials have provided the defendant with adequate notice of the charges and afford him a full and fair opportunity to prepare a defense.

Filing No. 21, at CM/ECF p. 3. The government's brief includes three detailed paragraphs explaining its theory of the case by naming the alleged co-conspirators and describing the transactions performed and the month and year of those alleged events. See filing no. 21, at CM/ECF pp. 4-5. The government further states, "Any additional information that the government obtains, including any further details or specifics, will be disclosed to the defendant before trial." Filing No. 21, at CM/ECF p. 5.

The defendant is not entitled to further information, and its motion for bill of particulars will be denied. Livingstone, 2009 WL 2502014, 1 (denying the

-6-

defendant's motion for bill of particulars where "the government explained its theory of the case, noted that it had already provided [defendant] with considerable discovery, including the names of its witnesses, and stated that it would disclose more information about the witnesses before trial.").

Accordingly,

IT IS ORDERED:

1) The defendant's motion for bill of particulars, (filing no. 18), is denied.

2) The defendant's motion to dismiss, (filing no. 19), is denied.

3) The trial of this case remains scheduled to commence before the undersigned on September 21, 2009.

DATED this 14th day of September, 2009.

BY THE COURT:

*Richard G. Kopf*
United States District Judge